UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF GEORGIA

STATE AUTO PROPERTY AND CASUALTY COMPANY,

    Plaintiff,

vs.

SHERRY MATTY individually and as Executrix of the estate of Matthew Scott Matty, deceased, JEFFREY MICHAEL DAVIS, FRANK GRIFFIN, KAREN GRIFFIN, & RACHEL GRIFFIN,

    Defendants.

CIVIL ACTION FILE

NO.: **4:08cv98 (CDL)**

## COMPLAINT FOR INTERPLEADER AND DECLARATORY RELIEF

COMES NOW the Plaintiff, State Auto Property and Casualty Company (hereinafter "State Auto") and, pursuant to 28 U.S.C. §§ 1335 and 2201, *et seq.* and Fed. R. Civ. P. 22, files this Complaint for Interpleader and Declaratory Relief in the above-styled matter, and respectfully shows the Court the following:

1.

Plaintiff State Auto is a corporation incorporated under the laws of Iowa with its principal place of business in Ohio. Defendant Sherry Matty is a resident of 370 Morton Hollow, Fortson, Georgia. Defendant Jeffrey Michael Davis is a resident of 800 Veterans Parkway, Apartment 311, Columbus, Georgia. Defendants Frank, Karen, and Rachel Griffin are residents of 8801 Garrett Road, Midland, Georgia, and are subject to the

jurisdiction and venue of this Court. The amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. § 1332.

2.

Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

3.

State Auto issued an automobile insurance policy (Policy No. AGA 5041615 covering Frank and Karen Griffin as the named insureds. The policy was in effect from January 21, 2008 through July 21, 2008. A true and correct certified copy of said complete policy is attached hereto as Exhibit "A."

4.

On February 3, 2008, Rachel Nicole Griffin, operating a "covered auto" under the subject policy, was involved in a motor vehicle accident on Georgia Highway 315 in Harris County in which the vehicle she operated collided first with Matthew Scott Matty, a bicyclist, and then with Jeffrey Michael Davis, a second bicyclist.

5.

Following the accident, Ms. Griffin reported that she had "blacked out" while driving prior to the collisions with Mr. Matty and Mr. Davis. She did not regain control of the vehicle between the two collisions.

6.

The State Auto policy providing coverage for this loss contains a single limit of liability coverage in the amount of $100,000.00, representing State Auto's maximum

limit of liability for all damages resulting from any one auto accident, regardless of the number of claims made or vehicles involved in the accident. See Exhibit "A."

7.

Specifically, the Single Liability Limit endorsement provides, in pertinent part, as follows:

**LIMIT OF LIABILITY**
The limit of liability shown in the Schedule or in the Declarations for Liability Coverage is our maximum limit of liability for all damages resulting from any one auto accident. This is the most we will pay regardless of the number of:
  1.   "Insureds";
  2.   Claims made;
  3.   Vehicles or premiums shown in the Declarations; or
  4.   Vehicles involved in the auto accident.

8.

Defendants Matty and Davis have each demanded payment of State Auto's $100,000.00 limit. See Exhibits "B" and "C."

9.

State Auto is prepared to tender its policy limits of $100,000.00 in this matter, but the conflicting claims of Defendants Matty and Davis place State Auto in a position of uncertainty and insecurity with respect to its rights, status, and legal obligations.

10.

In addition, Defendants Matty and Davis each contend that the incident referenced above consisted of two separate and distinct "accidents," such that each should have the opportunity to recover the entire coverage limit of $100,000.00 independently.

3

11.

State Auto believes that, as a matter of law based upon the applicable insurance policy, the single liability limit of $100,000.00 represents the combined total of insurance coverage available to both Defendants herein.

12.

An actual controversy exists regarding State Auto's obligations with respect to the claims and demands made by each Defendant.

**WHEREFORE**, Plaintiff State Auto demands that:

(a) each Defendant be restrained from commencing any action against State Auto on the policy;

(b) Plaintiff State Auto be granted leave to pay $100,000.00 into the registry of the Court, representing the undisputed proceeds available to the claimants in this Interpleader action;

(c) a judgment be entered that the events giving rise to this action consisted of a single "accident," for which State Auto's absolute limit of liability is $100,000.00; and

(d) Plaintiff State Auto recover its costs;

[*signature on next page*]

Respectfully submitted this 9th day of July, 2008.

                            SAVELL & WILLIAMS, L.L.P.

                By:    s/William E. Turnipseed
                        Bar Number: 720125
                        Attorney for Plaintiff
                        Savell & Williams, L.L.P.
                        2700 Harris Tower
                        233 Peachtree Street
                        Atlanta, Georgia 30303
                        Telephone: (404) 521-1282
                        Fax: (404) 584-0026
                        E-mail: WET@savellwilliams.com