IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| STATE AUTO PROPERTY AND CASUALTY COMPANY, | * |
| | * |
| Plaintiff, | * |
| vs. | CASE NO. 4:08-CV-98-CDL |
| | * |
| SHARON MATTY, surviving spouse of Matthew Scott Matty, deceased; RONALD E. MATTY, as administrator of the estate of Matthew Scott Matty, deceased; JEFFREY MICHAEL DAVIS; FRANK GRIFFIN; KAREN GRIFFIN; and RACHEL GRIFFIN, | * |
| | * |
| | * |
| | * |
| | * |
| Defendants. | * |

O R D E R

Plaintiff has filed a motion in limine seeking a ruling that Defendants have the burden of proving that two "accidents" occurred and thus, higher limits of liability insurance exist under Plaintiff's policy. Pl.'s Mot. in Limine Addressing Burden of Proof [hereinafter Pl.'s Mot. in Limine], ECF No. 105. Defendants have indicated that they do not oppose this motion in light of the parties' stipulated Verdict Form. Joint Mot. to Amend Pre-Trial Order and Stipulation by the Parties to Use the Attached "Joint Statement of Material Fact" and "Verdict Form" Ex. B, Verdict Form, ECF No. 109-3 [hereinafter Verdict Form]. Accordingly, Plaintiff's Motion in Limine (ECF No. 105) is granted, and Defendants shall

bear the burden of proof at trial.  Furthermore, the Court grants the parties' Joint Motion to Amend the Pretrial Order (ECF No. 109) to include the Joint Statement of Undisputed Material Facts (ECF No. 109-2) and the stipulated Verdict Form (ECF No. 109-3).

Notwithstanding the parties' agreement, the Court does observe that a persuasive argument can be made that Plaintiff has the burden of proof under Georgia law.  Plaintiff is correct that it does not bear this burden simply because it initiated the declaratory judgment action.  *See Universal Underwriters Ins. Co. v. Stokes Chevrolet, Inc.,* 990 F.2d 598 (11th Cir. 1993); *see also Perry v. State Farm Fire and Cas. Co.,* 297 Ga. App. 9, 676 S.E.2d 376 (2008).  Moreover, it appears clear that the burden is on the insured, the Defendants in this case, to prove that the loss alleged is covered by the insurance policy in question.  *See Reserve Life Ins. Co. v. Davis,* 224 Ga. 665, 667, 164 S.E.2d 132, 133 (1968); *Chix v. Ga. Farm Bureau Ins., Co.,* 150 Ga. App. 453, 258 S.E.2d 208, 209 (1979).  This case, however, is distinguishable from those cited by Plaintiff because Plaintiff concedes that the loss alleged is covered by the policy.  Plaintiff does not dispute coverage but contests the *amount* of coverage, arguing that its liability is limited because one accident occurred instead of two. Pl.'s Mot. in Limine 1.  The Georgia Court of Appeals has held that when an insurer relies upon a "limit of liability" provision to

reduce the amount it owes for a covered loss, then the insurer has the burden of proof with regard to that limitation on liability. *See Canal Ins. Co. v. Bryant,* 173 Ga. App. 173, 174, 325 S.E.2d 839, 841 (1984). Therefore, a strong argument can be made that the insurer, Plaintiff in this case, bears the burden of proving that its liability for the covered loss should be limited because one accident occurred and not two.

As previously indicated, Defendants apparently are not comfortable with taking this position and have acknowledged that they have the burden of proof given the stipulated Verdict Form. Verdict Form. In light of this waiver by Defendants, the Court finds no reason to ignore the parties' now agreed upon position on the burden of proof, particularly given that the issue is not absolutely clear.[1]

Based on the foregoing, Plaintiff's Motion in Limine (ECF No. 105) and the parties' Joint Motion to Amend the Pretrial Order (ECF No. 109) are granted. The Court also finds that since Defendants have the burden of proof on the only issue to be decided by the jury, they should present their case first. If any party disagrees with this conclusion as to the order of the trial, they shall

---

[1] The Court notes that the Georgia Court of Appeals was divided in its decision in *Canal Ins. Co.,* 173 Ga. App. at 175 (Beasley and Deen, dissenting).

notify the Court in writing before 12:00 Noon on Friday, September 17, 2010, by filing a short brief outlining the basis for the objection.

IT IS SO ORDERED, this 16th day of September, 2010.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE