IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| STATE AUTO PROPERTY AND CASUALTY COMPANY, | * | |
| | * | |
| Plaintiff, | * | |
| vs. | * | CASE NO. 4:08-CV-98-CDL |
| | * | |
| SHARON MATTY, surviving spouse of Matthew Scott Matty, deceased; RONALD E. MATTY, as administrator of the estate of Matthew Scott Matty, deceased; JEFFREY MICHAEL DAVIS; FRANK GRIFFIN; KAREN GRIFFIN; and RACHEL GRIFFIN, | * * * * | |
| Defendants. | * | |

O R D E R

Defendants have filed a Motion for Reconsideration of the Court's Order Regarding the Burden of Proof in this action. Defs.' Mot. for Recons. of the Ct.'s Order Regarding the Burden of Proof at Trial [hereinafter Defs.' Mot. for Recons.], ECF No. 112. Plaintiff previously filed a Motion in Limine Addressing the Burden of Proof seeking a ruling that the Defendants had the burden of proving two "accidents" occurred, and therefore, higher limits of liability apply under Plaintiff's insurance policy. Pl.'s Mot. in Limine Addressing Burden of Proof [hereinafter Pl.'s Mot. in Limine], ECF No. 105. Defendants did not oppose the motion, and the parties filed a stipulated Verdict Form placing the burden of

proof on Defendants. Joint Mot. to Amend Pre-Trial Order and Stipulation by the Parties to Use the Attached "Joint Statement of Material Facts" and "Verdict Form" [hereinafter Joint Mot. to Amend Pre-Trial Order] Ex. B, Verdict Form, ECF No. 109-3. The Court granted Plaintiff's Motion in Limine and the parties' Joint Motion to Amend the Pretrial Order in light of the parties' agreement on the issue. Order, Sept. 16, 2010, ECF No. 111. In that Order, the Court noted in dicta that an argument could be made, based on the decision by the Georgia Court of Appeals in *Canal Insurance Co. v. Bryant*, 173 Ga. App. 173, 325 S.E.2d 839 (1984), that Plaintiff should have the burden of proof because Plaintiff is arguably relying on a "limit of liability" provision to reduce the amount owed under the policy. Order at 2-3. The Court found, however, that Defendants had waived any such argument in light of their consent to Plaintiff's motion.

Apparently feeling encouraged by the Court's dicta regarding the *Canal Insurance Co.* case, Defendants have filed the presently pending motion for reconsideration. Defs.' Mot. for Recons. 1. Now that all of the parties have had an opportunity to brief the applicability of *Canal Insurance Co.,* the Court is able to focus on the extent of that holding and its effect on the present case. Upon further review, the Court finds *Canal Insurance Co.* to be distinguishable from this action for the reasons explained in the

2

remainder of this order. The Court concludes that under Georgia law Defendants have the burden to prove a second accident, and therefore a second loss, occurred in order to establish additional coverage under the policy. Accordingly, Defendants' Motion for Reconsideration (ECF No. 112) is denied.

DISCUSSION

The only question to be decided by the jury in this action is whether one or two auto accidents occurred. The single liability limit in the policy limits coverage for damages "from any one auto accident." Attach. to Benson Aff., May 20, 2009, Certified Copy of State Auto Policy AGA 5041615 at 23, ECF No. 40-2. Under Georgia law, it is clear that the burden is on the insured, Defendants in this case, to prove that the loss alleged is covered by the policy. *See Reserve Life Ins. Co. v. Davis*, 224 Ga. 665, 667, 164 S.E.2d 132, 133 (1968). Plaintiff argues that Defendants must prove a second accident occurred in order to establish a second independent loss under the policy. Pl.'s Resp. and Objection to Defs.' Mot. for Recons. of the Ct.'s Order Regarding the Burden of Proof at Trial [hereinafter Pl.'s Resp. and Objection to Defs.' Mot. for Recons.] 2. Plaintiff contends that if a jury found the second impact to be a second separate accident, then the "second impact involved in the subject accident was an independent covered event obligating the Plaintiff to pay its 'single limit' of $100,000.00

3

twice." *Id.* at 3. Defendants claim that they have demonstrated a loss covered by the policy and the issue to be decided is how much coverage applies. Defs.' Mot. for Recons. 2.

The Court finds that a second accident must be proven by Defendants to show a second loss affording them additional coverage under the policy. The insurance policy obligates Plaintiff to pay "damages for 'bodily injury' or 'property damage' for which any 'insured' becomes legally responsible because of an auto accident." Benson Aff. 7, ECF No. 40. The Defendants have the burden to show coverage under the policy for a second auto accident to meet the threshold requirement of proving a loss covered by the policy.

The type of loss suffered by Defendants, property damage and bodily injury, is admittedly covered by the policy. *See* Pl.'s Mot. in Limine 1. Further, the Court agrees with Defendants assertion that "[t]here is no finding that could be made by the jury that there is no coverage[.]" Defs.' Mot. for Recons. 2. Plaintiff is not arguing, however, that coverage does not exist for the second impact if the jury finds that only one accident occurred. Plaintiff instead contends that the events are covered as one loss if there was only one accident but as two losses if there were two accidents. *See* Pl.'s Resp. and Objection to Defs.' Mot. for Recons. 4. If one accident occurred Defendants have available

4

$100,000 in liability limits for all damages arising from that one accident, and if two accidents occurred, they would have $100,000 available for the damages arising from the first accident and an additional $100,000 available for the second accident. The burden is on Defendants to prove this additional coverage.

The flaw in holding otherwise is revealed by the following example. Although the two impacts in the present case were separated by just over one second in time, suppose the impacts were separated by an hour or even a day. In that situation, the burden would clearly be on Defendants to show that the second impact, or loss, was covered by the policy as a threshold matter. The Court can conceive of no legitimate reason that the amount of time between two alleged separate losses would be determinative of who has the burden of proof.

Upon closer review, the Court finds *Canal Insurance Co.* to be distinguishable from this action. In *Canal Insurance Co.*, the insured claimed that damage to his truck was the result of vandalism, a loss covered by the policy. *Canal Ins. Co.*, 173 Ga. App. at 173. The insurance policy contained a "LIMIT OF LIABILITY" provision providing that liability for loss could not exceed the least of two alternatives: (a) the actual cash value of the car or part; or (b) the repair or replacement value of the car or part. *See id.* The court found that the insurer had the burden to prove

5

which of these alternatives yielded the lower loss. *Id.* In *Canal Insurance Co.* there was only one loss and the issue was the amount of the insurer's liability for that one loss under the "limit of liability" clause containing two possible limits. Here, as explained above, the issue is whether a second loss occurred, for which there is only one applicable "limit of liability." Unlike *Canal Insurance Co.*, there is no debate regarding how the "limit of liability" applies, only a question of whether a second single liability limit is available.

The Court's conclusions are also consistent with the more general language in *Canal Insurance Co.* The court in *Canal Insurance Co.* stated that the "limit of liability" provision "must be construed as a subordinate provision, limiting or abating primary liability to be plead defensively if the insurer would diminish or limit the amount of recovery by reason thereof." *Id.* at 174. While the single limit of liability at issue in this action could be construed as a subordinate provision to the primary liability for damage to property and bodily injury, Plaintiff is not attempting to diminish the amount of recovery by reason of the single liability limit. Plaintiff does not dispute that the applicable liability limit exists for each accident, Pl.'s Resp. and Objection to Defs.' Mot. for Recons. 3. Moreover, it appears clear from the policy that separate additional liability limits

exist only if there is a second separate loss.  As explained by the court in *Canal Insurance Co.,* a "limit of liability" provision has no effect on the insured's evidentiary burden to establish that the policy affords coverage for a loss.  *See Canal Ins. Co.* at 173.  Thus, the Court finds that Defendants bear the burden of proof to demonstrate Plaintiff's primary obligation under the policy for a second loss.  That obligation is triggered by proof that a second accident occurred.

Finally, based on the Court's research, it appears that the Georgia courts have not extended the holding in *Canal Insurance Co.* beyond the specific facts presented in that case.  Furthermore, the Court notes that the decision in *Canal Insurance Co.* was not unanimous.  For all of these reasons and the rationale expressed previously in this order, this Court declines to extend *Canal Insurance Co.* to the facts presented here.

For the reasons set forth above, Defendants' Motion for Reconsideration (ECF No. 112) is denied.  The Court also finds that since Defendants have the burden of proof on the only issue to be decided by the jury, they should present their evidence first.

IT IS SO ORDERED, this 23rd day of September, 2010.

                                            S/Clay D. Land
                                              CLAY D. LAND
                              UNITED STATES DISTRICT JUDGE