IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| STATE AUTO PROPERTY AND CASUALTY COMPANY, * * Plaintiff, * vs. * SHARON MATTY, surviving spouse of Matthew Scott Matty, * deceased; RONALD E. MATTY, as administrator of the estate of * Matthew Scott Matty, deceased; JEFFREY MICHAEL DAVIS; FRANK * GRIFFIN; KAREN GRIFFIN; and RACHEL GRIFFIN, * Defendants. * | CASE NO. 4:08-CV-98-CDL |

DECLARATORY JUDGMENT

Based on the jury verdict received on September 23, 2010 and other facts that are undisputed, the Court makes the following findings and enters the following declaratory judgment:

1.

Defendants Frank Griffin, Karen Griffin, and Rachel Griffin were insured with Plaintiff State Auto Property and Casualty Company on February 3, 2008. Their Ford Explorer vehicle was insured under Policy No. AGA 5041615. That policy provided liability insurance coverage for the Griffin Defendants with single liability insurance limits of $100,000 for each accident.

2.

On February 3, 2008, Rachel Griffin, while driving the previously described and insured Ford Explorer vehicle on Route 315 in Harris County, Georgia, collided with a bicycle ridden by Scott Matty and then collided with a bicycle ridden by Jeff Davis. The two collisions were separated by a distance of between 95 to 115 feet, and separated by just over a second in time. Scott Matty died from his injuries. Jeff Davis suffered serious injuries.

3.

The jury returned a verdict as follows: "We the jury find in favor of the Matty, Davis, and Griffin Defendants that, based upon a preponderance of the evidence, Rachel Griffin regained control of her vehicle between the two collisions, so that it can be said there was a second intervening cause and therefore a second accident."

4.

Based on the foregoing, the Court finds that two separate accidents occurred under Georgia law and for purposes of determining the extent of coverage under Plaintiff's insurance policy. Specifically, the Court interprets Plaintiff's policy to provide $100,000 in liability insurance limits for any claims arising from the death and injuries to Scott Matty and to provide an additional $100,000 in liability insurance limits for any claims arising from the injuries to Jeffrey Michael Davis.

5.

Since Plaintiffs potential liability for the two accidents that occurred on February 3, 2008 exceeds the $100,000 that it has paid into Court, the Court finds that the payment of that amount into the registry of the Court does not discharge it of its liability regarding the claims arising from the February 3, 2008 accidents. Accordingly, the Clerk is ordered to refund those funds to the Plaintiff.

IT IS SO ORDERED, this 23rd day of September, 2010.

                                      S/Clay D. Land
                                           CLAY D. LAND
                                UNITED STATES DISTRICT JUDGE