IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

STATE AUTO PROPERTY AND
CASUALTY COMPANY,

 Plaintiff,

vs.

SHARON MATTY, as surviving
spouse of Matthew Scott Matty;
RONALD E. MATTY, as
administrator of the estate of
Matthew Scott Matty; JEFFREY
MICHAEL DAVIS; FRANK GRIFFIN;
KAREN GRIFFIN; and RACHEL
GRIFFIN,

 Defendants.

CASE NO. 4:08-CV-98 (CDL)

O R D E R

Presently pending before the Court is Plaintiff's Renewed Motion for Judgment as a Matter of Law or, in the Alternative, Motion for New Trial (ECF No. 128). For the following reasons, Plaintiff's motions are denied.

BACKGROUND

This declaratory judgment action arises from an insurance coverage dispute involving the amount of available liability insurance. Plaintiff State Auto Property and Casualty Company insured a vehicle driven by Defendant Rachel Griffin when she struck Matthew Scott Matty and Jeffrey Michael Davis. Matthew Scott Matty died as a result and Jeffrey Michael Davis suffered significant injuries. The insurance policy at issue provided single liability limits of $100,000 for each accident. At trial, Plaintiff argued

that only one accident occurred, while Defendants contended that there were two accidents. The jury found that two accidents occurred, and therefore, the Court entered a declaratory judgment that Plaintiff's insurance policy provided $100,000 in liability insurance limits for any claims arising from the death and injuries of Matthew Scott Matty and an additional $100,000 in liability insurance limits for any claims arising from the injuries to Jeffrey Michael Davis.

## DISCUSSION

Plaintiff argues that a reasonable jury could not conclude that two accidents occurred, and that, therefore, the Court should grant it judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(b). In the alternative, Plaintiff contends that the verdict is against the clear weight of the evidence and creates a miscarriage of justice warranting a new trial under Federal Rule of Civil Procedure 59.

**I. Renewed Motion for Judgment as a Matter of Law**

"Under Rule 50, a court should render judgment as a matter of law when there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." *Cleveland v. Home Shopping Network, Inc.*, 369 F.3d 1189, 1192 (11th Cir. 2004). A court "should review all of the evidence in the record and must draw all reasonable inferences in favor of the nonmoving party." *Id.* at 1192-93. "Credibility determinations, the weighing of the

evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Id.* at 1193 (internal quotation marks omitted). The Court must "disregard all evidence favorable to the moving party that the jury is not required to believe." *Id.* (internal quotation marks omitted).

After due consideration and review of the record, the Court finds that there is a legally sufficient evidentiary basis for a reasonable jury to find that two accidents occurred. Accordingly, Plaintiff is not entitled to judgment as a matter of law.

## II. Motion for a New Trial

A new trial may be granted "after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). "A judge should grant a motion for a new trial when the verdict is against the clear weight of the evidence or will result in a miscarriage of justice[.]" *Lipphardt v. Durango Steakhouse of Brandon, Inc.*, 267 F.3d 1183, 1186 (11th Cir. 2001) (internal quotation marks omitted). It is essential that a judge not substitute his judgment for that of the jury; "new trials should not be granted on evidentiary grounds unless, at a minimum, the verdict is against the great—not merely the greater—weight of the evidence." *Id.* (internal quotation marks omitted).

After due consideration and review of the record, the Court concludes that the verdict returned by the jury is not against the

3

clear weight of the evidence and will not result in a miscarriage of justice. Therefore, a new trial is not warranted.

CONCLUSION

Based on the foregoing, Plaintiff's Renewed Motion for Judgment as a Matter of Law or, in the Alternative, Motion for New Trial (ECF No. 128) must be denied.

IT IS SO ORDERED, this 29th day of December, 2010.

                                              S/Clay D. Land
                                                 CLAY D. LAND
                                       UNITED STATES DISTRICT JUDGE